1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11  ARMEN GRIGORYE SINANYAN,          Case No. 5:26-cv-00395-CV (KES)
12                 Petitioner,         **ORDER GRANTING IN PART EX
13                                      PARTE APPLICATION FOR
             v.                         TEMPORARY RESTRAINING
14                                      ORDER [13]**
    ERNESTO SANTACRUZ JR., *et al*.,
15
                   Respondents.
16
17

18        On February 18, 2026, Petitioner Armen Grigorye Sinanyan ("Petitioner") filed a
19  Renewed Ex Parte Application for Temporary Restraining Order and Order to Show Cause
20  ("Application"). Doc. # 13 ("App."). On February 19, 2026, the Court ordered that
21  Respondents shall file their opposition to the Application no later than February 23, 2026,
22  and Petitioner shall file his reply no later than February 25, 2026. Doc. # 16. Respondents
23  failed to file their opposition by the February 23, 2026 deadline, and on February 25, 2025,
24  Petitioner filed a Reply, confirming that no opposition was filed. Doc. # 17,
25        Having reviewed and considered all the briefing filed with respect to the
26  Application, the Court finds that oral argument is not necessary to resolve the Application,
27  *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684
28  n.2 (9th Cir. 2001), and concludes as follows.

## I.   __INTRODUCTION__

On January 29, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 (the "Petition") against the Acting Director of the Los Angeles Field Office of Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations, Ernesto Santacruz Jr.; the Acting Director of ICE, Todd Lyons; the Secretary of the U.S. Department of Homeland Security ("DHS"), Kristi Noem; DHS, the U.S. Attorney General, Pamela Bondi; and the Warden of Adelanto ICE Processing Center, Fereti Semaia (collectively, "Respondents"). Doc. # 1.

On the same day, Petitioner filed his original ex parte application for temporary restraining order, seeking a Temporary Restraining Order ("TRO") that would (1) direct Respondents to immediately release Petitioner from custody under the conditions of his prior Order of Supervision; (2) enjoin Respondents from removing Petitioner from the United States pending the resolution of his habeas petition; and (3) enjoin Respondents from relocating Petitioner outside of the Central District of California pending final resolution of this case. Doc. # 3 at 2.

On February 10, 2026, the Court issued an order denying Petitioner's original ex parte application, finding that Petitioner had not shown a likelihood of success on the merits because (1) Petitioner submitted no evidence to rebut the evidence submitted by Respondents showing that Petitioner had been given notice and an interview, and (2) Petitioner had not yet been detained for six months. Doc. # 10.

On February 18, 2026, Petitioner filed a First Amended Petition and the renewed Application. Doc. # 14 ("Pet."); App.

## II.   __FACTUAL BACKGROUND__

Petitioner was born in Armenia in 1982 when Armenia was part of the former Union of Soviet Socialist Republics (USSR). Pet ¶ 8. In 1991, when Petitioner was eight years old, he and his parents lawfully entered the United States. *Id.* ¶ 9. At the time of his entry into the United States, Petitioner possessed a passport issued by the former USSR. *Id.*

Petitioner was granted lawful permanent resident status in 1991, and has resided in the United States for approximately 35 years. *Id.* ¶ 10.

On June 16, 2012, DHS issued a Notice to Appear ("NTA") charging Petitioner as removable due to his criminal history. *Id.* ¶ 1.[1] On February 19, 2013, an order of removal was issued against Petitioner. *Id.* ¶¶ 56. Following a custody review on May 19, 2013, Petitioner was released from custody under an Order of Supervision. *Id.* ¶¶ 35, 60. Petitioner made efforts to comply with the removal process by applying for a passport at the Armenian Embassy, but the Embassy refused to issue the necessary travel documents. *Id.* ¶¶ 14, 57. Since his release from custody in 2013, Petitioner sustained a criminal conviction in 2014 under Cal. Health & Safety Code § 11378, and another conviction in 2022 for a misdemeanor under Cal. Health & Safety Code § 11364. *Id.* ¶ 61; Doc. # 14-1 at 59–67.

On December 9, 2025, Petitioner was detained by ICE during his ICE check-in, and he is currently detained at the Adelanto Detention Facility. *Id.* ¶¶ 39, 65, 66. Petitioner claims he was given no opportunity to respond to any allegations or reasons for detention prior to his custody change. *Id.* ¶ 65.

## III.  <u>LEGAL STANDARD</u>

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order

---

[1] Specifically, the NTA charged Petitioner as removable under INA § 237(a)(2)(A)(iii) (aggravated felony), §237(a)(2)(A)(ii) (multiple criminal convictions involving moral turpitude), and §237(a)(2)(B)(i) (controlled substance violation), codified at 8 U.S.C. §§ 1227(a)(2)(A)(iii), (ii), (B)(i). Pet. ¶ 48. The NTA pointed to Petitioner's June 8, 2012 conviction in California Superior Court, County of Los Angeles for possession of controlled substance for sale, California Health and Safety Code § 11351, for which he was sentenced to 180 days in Los Angeles County Jail, as well as his February 6, 2004 conviction in California Superior Court, County of Los Angeles, California Penal Code §475(a) (forgery), for which he was sentenced to 180 days in Los Angeles County Jail. *Id.* ¶¶ 49, 50.

and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

## IV. <u>DISCUSSION</u>

Petitioner argues that he is entitled to be released from custody because the revocation of his release is governed by 8 C.F.R. § 241.13, which provides that he must be provided with notice of the reasons for revocation and an informal interview. Specifically, Petitioner asserts that (1) 8 C.F.R. § 241.13 ("section 241.13"), not 8 C.F.R. § 241.4 ("section 241.4") governs his detention, (2) subsequent convictions cannot legally authorize indefinite detention, (3) section 241.4 cannot be used as a default, and (4) he was denied mandatory revocation procedures under section 241.13(i). Petitioner also makes a brief argument that he should be released pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

1    As explained above, the Court denied Petitioner's original application because he
2    presented no evidence that he was not provided with notice and an informal interview, and
3    Respondents provided evidence that he was. Doc. # 10. However, the present Application
4    includes a declaration stating that Petitioner did not receive notice or an informal or formal
5    interview. Doc. # 13-1 at 52–53, ¶¶ 4, 8, 11. Respondents filed no opposition to rebut
6    Petitioner's new declaration.

7    Given Petitioner's declaration, and in light of Respondents' decision not to oppose
8    the requested relief, the Court concludes that the issuance of a temporary restraining order
9    is warranted. This conclusion is consistent with the Court's prior determination that similar
10    circumstances justified such relief. *See, e.g.*, *Lam v. Noem*, No. 5:25-cv-03344-CV (RAOx)
11    (C.D. Cal. Dec. 18, 2025) (Doc. # 10).

12    Specifically, the Court will order that Respondents are enjoined from continuing to
13    detain Petitioner unless he is provided with notice and an informal interview pursuant to 8
14    C.F.R. sections 241.13(i)(3).

15    However, the Court will not grant Petitioner's request that he be immediately
16    released pursuant to *Zadvydas*. *Zadvydas* instructs that a six-month period of detention
17    following a notice of removal is "presumptively reasonable." 533 U.S. at 699–700. And as
18    this Court previously held, Petitioner has not been detained for over six months. Doc. # 10
19    at 8. Petitioner argues that the *Zadvydas* six-month period is the six months following the
20    final order of removal regardless of whether Petitioner was actually detained during that
21    time. Petitioner is mistaken. Zadvydas is concerned with how long a non-citizen is held in
22    **detention**, not how long after the final removal order the detention occurs. Petitioner has
23    therefore not shown a likelihood of success on the merits of his *Zadvydas* claim.

24    Finally, the security bond requirement of Federal Rule of Civil Procedure 65(c) is
25    waived. The Court has "discretion as to the amount of security required, if any," and it
26    "may dispense with the filing of a bond when it concludes there is no realistic likelihood
27    of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320
28    F.3d 906, 919 (9th Cir. 2003).

## V.    **CONCLUSION**

For the foregoing reasons, the court GRANTS IN PART Petitioner's Renewed Ex Parte Application for Temporary Restraining Order and ORDERS as follows:

1.    Respondents are enjoined from continuing to detain Petitioner unless he is provided with notice and an informal interview pursuant to 8 C.F.R. sections 241.13(i)(3) within seven calendar days of the filing date of this Order.

2.    To preserve the Court's jurisdiction, respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

3.    This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on March 16, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

4.    Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than March 10, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than March 12, 2026.

5.    The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.


**IT IS SO ORDERED**.


Dated:  3/2/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE